Filed 6/25/13  P. v. White CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>WESLEY WHITE,<br><br>    Defendant and Appellant. | B243071<br><br>(Los Angeles County<br>Super. Ct. No. BA395404) |

THE COURT:[*]

Appellant Wesley White was charged in an amended information with felony possession of methamphetamine for sale, in violation of Health and Safety Code section 11378 (count 1); felony possession of hydrocodone, in violation of Health and Safety Code section 11350, subdivision (a) (count 2); and misdemeanor possession of a smoking device, in violation of Health and Safety Code section 11364.1 (count 3).  The information further alleged that appellant had been convicted of a serious or violent felony within the meaning of the Three Strikes law (Pen. Code, §§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)), and that he had suffered prior convictions pursuant to Penal Code section 667.5, subdivision (b), and within the meaning of Health and Safety Code

_____

[*]    BOREN, P. J., ASHMANN-GERST, J., CHAVEZ, J.

section 11370.2, subdivision (c). After opening statements, the prosecutor moved to add a felony charge of transportation of methamphetamine in violation of Health and Safety Code section 11379, as a fourth count. The trial court granted the motion over the objection of defense counsel.

The jury found appellant guilty as charged. After the prosecutor was unable to proceed on appellant's prior strike for a serious or violent felony due to lack of proof, appellant waived his rights on his two remaining priors and admitted them as true.

Appellant was sentenced to a total of five years eight months in state prison, consisting of the mid-term of two years on count 1, plus three years on the prior strike conviction under Health and Safety Code section 11370.2, subdivision (c), plus eight months for a probation violation. The trial court imposed a concurrent two-year sentence on the possession of hydrocodone conviction, a concurrent three-year sentence on the transportation conviction, and a concurrent six-month sentence on the misdemeanor conviction. The trial court struck the two Penal Code section 667.5, subdivision (b) priors. Appellant received 118 days of actual credit and 118 days of conduct credit, for a total of 236 days custody credit.

We appointed counsel to represent appellant on this appeal. After examination of the record, counsel filed an "Opening Brief" in which no arguable issues were raised. On February 8, 2013, we advised appellant that he had 30 days within which to personally submit any contentions or issues that he wished us to consider. Appellant submitted a response on March 6, 2013, asserting that his trial counsel had provided ineffective assistance, but without any citation to the record or any legal authority to support his assertions.

We have examined the entire record and conclude that it provides a factual basis to support the convictions. The record shows that on March 21, 2012, Los Angeles Police Department Officer Tyler Fox and his partner Officer Costello were on patrol in the "skid row" area when they pulled over a car for an expired registration. Appellant was the driver and there were two passengers, one of whom immediately got out of the car, and was ordered to stay by the curb. The backseat of the car was full of debris. Because

appellant was fidgeting with wires underneath the dashboard, Officer Fox suspected that the car was stolen and asked appellant to step out of the car. Officer Costello searched appellant and found a pipe intended for smoking methamphetamine in appellant's left vest pocket. In the backseat of the car, Officer Fox found a backpack. The backpack contained a piece of paper with appellant's name, a Ziploc bag containing 6.03 grams of methamphetamine, another Ziploc bag containing seven yellow and green pills, a digital scale, and numerous small empty bags. According to Officer Fox, 6 grams of methamphetamine has a street value of $600.

Neither the record nor appellant's response demonstrate the existence of any cognizable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436, 441.)

The judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.